The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones, the material submitted to the Full Commission, and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Form 21 agreement approved by the Commission on July 12, 1993 and at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the provisions of the North Carolina Worker's Compensation Act.
2. At all relevant times, an employer/employee relationship existed between the plaintiff and the defendant/employer.
3. Aetna Life and Casualty is the carrier on risk in this matter.
4. On June 6, 1992, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of employment with defendant-employer.
5. The average weekly wage in this matter is $102.00 which yields a compensation rate of $68.00.
6. Plaintiff's medical records were stipulated into evidence. They consist of medical records from Gary Kaplowitz, M.D., Linda Weidler, D.C., Franklin Regional Medical Center, James Patrick, M.D. and Michael G. Dolin, M.D.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-one years old. Plaintiff has a high school education and one year of college. Plaintiff is married and has three children ages six, seven and thirteen.
2. On June 6, 1992, plaintiff was employed as a cook/cashier by the defendant/employer. Plaintiff's responsibilities included preparing food, setting up or the shift changes and operating the cash register. Plaintiff would also clean the kitchen area as well as other parts of the restaurant.
3. On June 6, 1992, plaintiff was shocked by an electrical hot plate injuring her back, chest and arm.
4. Initially, plaintiff was treated by Linda Weidler, D.C. and Gary Kaplowitz, M.D. Linda Weidler, D.C. released plaintiff to return to light duty instructing her to avoid lifting over twenty-five pounds.
5. On September 14, 1992, Dr. Kaplowitz released plaintiff to return to normal duty.
6. Plaintiff received her last compensation check on September 26, 1992.
7. Plaintiff returned to work for the defendant/employer and continued to work until February or March, 1993 when she resigned her position. Since leaving the defendant/employer, she has worked for two temporary agencies.
8. Plaintiff last saw Dr. Kaplowitz on October 19, 1992.
9. Plaintiff filed a Form 33 Request for Hearing on January 9, 1996.
10. Plaintiff has seen no physician since 1992 concerning her back with one exception. However, plaintiff was seen by the Franklin Regional Medical Center during 1993 and 1994 for the following reasons: an injured left ankle, headaches and earaches, back, neck and ear pain, abdomen pain, vaginal pain and lower abdominal pain, sore throat, frequent urination and swollen hands, vaginal discharge and vaginal bleeding. Plaintiff made mention of her back on only one occasion in August, 1993.
11. On October 11, 1995 Dr. Michael G. Dolin gave plaintiff a 30 percent permanent partial disability rating to her back. There is no evidence of record that Dr. Dolin utilized the Industrial Commission Rating Guide in making such a determination. The Commission finds that the 30% permanent partial disability rating is outside the scope of the Industrial Commission Rating Guide and does not accept the rating as credible or competent evidence and accords no weight to the rating.
12. There is insufficient medical evidence of record from which to determine whether plaintiff has reached maximum medical improvement, whether she sustained any permanent functional impairment as a result of the compensable injury, and whether any additional medical treatment is necessary to effect a cure or give relief.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to the payment of medical expenses incurred, or to be incurred, as a result of the compensable injury. N.C.G.S. 97-25.
2. Plaintiff is entitled to compensation for permanent partial impairment disability, if any, caused by the admittedly compensable injury of June 6, 1992. N.C.G.S. 97-31.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury she sustained.
2. Plaintiff shall undergo an independent medical examination at defendants' expense to be performed by a doctor with the appropriate fields of expertise to be selected, and an appointment scheduled, by one of the nurses on the Industrial Commission staff.
3. Defendant shall bear the costs of this appeal.
This is the 16th day of September, 1997.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ COY M. VANCE COMMISSIONER
S/ _____________________ LORRIE L. DOLLAR DEPUTY COMMISSIONER